# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| THOMAS ZANIEWSKI, and <br> LINDA SANDERS, <br>     Plaintiffs, <br> v. <br> R.V. WORLD CO., INC. d/b/a DAVIS <br> MOTORHOME MART, and TIFFIN <br> MOTOR HOMES, INC., <br>     Defendants. | No. 2:17-cv-02314-TLP-cgc <br><br> JURY DEMAND |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT TIFFIN MOTOR HOMES, INC.'S MOTION TO SET ASIDE JUDGMENT AND DENYING PLAINTIFFS' MOTION TO STRIKE OR OTHERWISE DISREGARD EVIDENCE OF COMPROMISE OFFERS AND SETTLEMENT NEGOTIATIONS

Defendant Tiffin Motor Homes, Inc. ("Tiffin") moves to set aside the Judgment entered in this action, and Plaintiffs Thomas Zaniewski and Linda Sanders ("Plaintiffs") move to strike or otherwise disregard evidence of compromise offers and settlement negotiations in ruling on Tiffin's Motion. For the reasons below, Tiffin's Motion to Set Aside, (ECF No. 51), is GRANTED, and Plaintiffs' Motion to Strike, (ECF No. 53), is DENIED.

## BACKGROUND

Plaintiffs sued Defendants, R.V. World Co., Inc. d/b/a Davis Motorhome Mart ("Davis") and Tiffin (collectively, "Defendants"), in the Chancery Court of Shelby County, Tennessee seeking rescission and/or the repurchase of the 2016 Tiffin Allegro recreational vehicle (the "Allegro" or "Vehicle"). Plaintiffs purchased the Vehicle from Defendants almost three years ago for $196,800.00 (plus sales tax of $11,020.00, which Plaintiffs paid separately). (*See* ECF

No. 1-2.) Defendants properly removed the case to this Court under 28 U.S.C. § 1441(a). (ECF No. 1.)

I. **Offer of Judgment and Acceptance**

The record shows when the settlement negotiations climaxed. After a few days of offers and counter-offers, on Friday, April 13, 2018, Tiffin sent Plaintiffs an Offer of Judgment in the amount of $195,000.00, including "all costs accrued to date," under Federal Rule of Civil Procedure 68. (ECF No. 42-1.) On Monday, April 16, 2018, Plaintiffs' accepted Tiffin's Offer of Judgment and filed its Notice of Acceptance. (ECF No. 42.) The Offer of Judgment made no mention of the repurchase or return of the Vehicle in exchange for the $195,000.00. The day Plaintiffs accepted the offer, Defendants filed a "Response" to the Notice of Acceptance (*see* ECF No. 43), asking the Court to clarify "that any judgment to be entered by the Clerk include specific language with regard to the Plaintiffs' obligation to return the subject [Vehicle] to Defendants as a condition of the settlement." (*Id.* at PageID 177.) Defendants alternatively requested that "the settlement offer be withdrawn and the [Offer of Judgment] rescinded, as there would obviously be no meeting of the minds as to the terms of the proposed settlement." (*Id.*)

The next day, Plaintiffs filed a "Reply" to Defendants' Response, arguing that Tiffin was seeking to improperly modify the Offer of Judgment after Plaintiffs had accepted it. (ECF No. 44 at PageID 180.) Plaintiffs also argued that Rule 68 required the Clerk to enter a judgment upon Plaintiffs' filing their Notice of Acceptance. (*See id.* at PageID 181.) The Clerk did not enter a judgment.

II. **Judgment Entered Under Rule 68**

The Court held Status Conferences on April 20 and May 7, 2018, during which the parties disputed whether there had been a sufficient meeting of the minds as to the Offer of

Judgment and Notice of Acceptance and whether Rule 68 required the entry of judgment. After the May 7 Status Conference, the Court took the parties' arguments under advisement. The Court entered a Judgment in favor of Plaintiffs and against Tiffin in the amount of $195,000.00 because of Sixth Circuit authority holding that Rule 68 "leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted." *Mallory v. Eyrich*, 922 F.3d 1273, 1279 (6th Cir. 1991).[1] (ECF No. 59.) But the Court also entered an Order Staying Execution of Plaintiffs' Judgment and Setting a Briefing Schedule under Federal Rule of Civil Procedure 62(b) for any request for relief from the Judgment. (ECF No. 50.)

Under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), Tiffin now moves to set aside the Judgment. With its Motion, Tiffin attaches four Exhibits containing e-mails of settlement demands and counteroffers sent by the parties' counsel. (ECF Nos. 51-1, 51-2, 51-3, 51-4.) Tiffin argues those e-mails prove that the parties did not mutually assent to Tiffin paying Plaintiffs $195,000.000 without requiring Plaintiffs to return of the Vehicle. Plaintiffs responded to the Motion to Set Aside, (ECF No. 55), and moves to strike or otherwise disregard the parties' settlement discussions based on the parol evidence rule, Federal Rule of Evidence 408, and Federal Rule of Civil Procedure 12(f). (ECF No. 53.) The pleadings also include declarations of of S. Keenan Carter, counsel for Defendants (ECF No. 51-5), and Kevin A. Snider, counsel for Plaintiffs (ECF No. 56-5). The declarations offer differing interpretations of the same events.

---

[1] Since the Court's entry of the Judgment, it has reviewed the case of *Fultz v. Alternative Retail Concepts, Inc.*, 2 F. App'x 409, 2001 WL 69210, at *3 (6th Cir. Jan. 16, 2001) (unpublished), in which a panel of the Sixth Circuit stated that under *Mallory*, a district court has discretion to accept or reject the proposed offer of judgment when the parties do not agree on a material term of the offer. Under the facts of this case, the *Fultz* opinion suggests this Court had more discretion to reject the offer of judgment here. Had the Court employed that dicretion here, it would have provided another way, but not an exclusive one, to get to the same result.

## **LEGAL STANDARD**

To address the Motion to Set Aside, the Court begins with Rule 60(b) of the Federal Rules of Civil Procedure. That rule states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1) mistake, inadvertence, surprise, or excusable neglect;**
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reverse or vacated; or applying it prospectively is no longer equitable; or
> **(6) any reason that justifies relief.**

Fed. R. Civ. P. 60(b) (emphasis added).

As the Motion to Set Aside involves a Rule 68 Judgment, the Court looks to that rule, as well. Rule 68(a) provides that:

> At least 14 days before the date set for trial, a party defending a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

Because Plaintiffs seek to exclude from consideration the written exchanges of settlement demands and counteroffers included in Tiffin's motions, the Court next looks to Federal Rule of Evidence 408, which states, in relevant part:

> **(a)** **Prohibited Uses.** Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and

4

(2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a). Subsection (b) of Rule 408 provides exceptions to the general rule which allow courts to "admit this evidence *for another purpose*, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Civ. P. 408(b) (emphasis added).

## ANALYSIS

The Court first addresses the finality of the Court's Judgment under Rule 68, which neither party addresses in their post-judgment briefs. The Court makes a determination about the Judgment's finality because, if it is not final, Rule 60(b) would not apply and the Court would have more discretion when considering whether to alter or amend the Judgment. That said, the Court determines that the standard under Rule 60(b) is proper in reviewing the Rule 68 Judgment here, even though the Offer and Acceptance of Judgment are silent as to the repurchase of the Allegro as requested in the Complaint and Davis, the Codefendant.[2] A Rule 68 judgment will support a Rule 60(b) motion despite a lack of finality. *Mallory*, 922 F.3d at 1273 ("whether or not the Rule 68 judgment was final under the definition . . . [covering appeals], the parties and the court treated it as final and the court proceeded under Rule 60(b) to enter an order that is ordinarily appealable"). Likewise, here the Court treats the pending judgment as final and analyzes the pending motions under Rule 60(b).

---

[2] Plaintiffs primarily direct their claims at Tiffin, but they allege that Davis is a necessary party to the action in that Davis sold the Vehicle on Tiffin's behalf and ratified Tiffin's conduct. (ECF No. 1-2 at PageID 26.) More importantly, Plaintiffs allege that Davis is a necessary party because Plaintiffs seek rescission or repurchase of the vehicle. (*Id.*)

5

## I. Tiffin's Rule 60(b) Motion

Tiffin argues that the Judgment should be set aside for two reasons. First, Tiffin argues that the parties did not mutually assent to Tiffin paying Plaintiffs $195,000.00 without requiring Plaintiffs to return the Allegro. Second, any offer that could be construed as Tiffin offering to pay Plaintiffs $195,000.00 without requiring the Allegro's return was the result of mistake, inadvertence, or excusable neglect. (*See* ECF No. 52 at PageID 225.)

Rule 60(b)(1) allows courts to set aside a judgment for mistake, inadvertence, surprise or excusable neglect. Fed. R. Civ. P. 60(b)(1). Under Rule 60(b)(1), mistakes constituting gross negligence are generally not enough to set aside a judgment, but "mistakes made as a result of excusable neglect may be set aside, especially if under the circumstances it would be equitable to do so." *Whitaker v. Associated Credit Servs., Inc.*, 946 F.2d 1222, 1224 (6th Cir. 1991).

Tiffin also seeks relief under Rule 60(b)(6), the "catch-all" provision, which allows courts to vacate a judgment for "any reason justifying relief from the operation of the judgment." *Mallory*, 922 F.3d at 1280; *see also Klapprott v. United States*, 335 U.S. 601, 615 (1949) (stating that Rule 60(b) grants trial courts discretion to set aside judgments to accomplish justice). However, this provision and the other provisions of Rule 60(b) are mutually exclusive. So, although it may be tempting, the Court may not grant relief under Rule 60(b)(1) and 60(b)(6). *See Mallory*, 922 F.2d at 1279.

Tiffin's counsel states in his Declaration that he "mistakenly and inadvertently failed to include the word 'repurchase' in the Offer of Judgment," and alleges that Plaintiffs knew that the Offer of Judgment was for the repurchase of the Allegro. (*See* ECF No. 51-6 at PageID 207.) These statements are consistent with earlier representations made the day Plaintiffs accepted the Offer of Judgment.

### A. The *Whitaker* Opinion

The situation here is analogous to the *Whitaker* case, in which the Sixth Circuit considered whether principles of equity supported setting aside a Rule 68 judgment under Rule 60(b)(1) when the Rule 68 offer of judgment contained a typographical error. *Whitaker*, 946 F.2d at 1223–24. The court found that the equitable circumstances did support setting aside the judgment because the typographical error resulted in the mistaken transmission of an offer for $500,000 instead of $500. *Id.* at 1225 (reiterating the district court's finding that the defendant's attorney made "just too big a mistake to ignore"). Critical to the court's reasoning was its finding that "any reasonable person would have been shocked by the offer in light of the circumstances of this case," and that the "plaintiffs were aware that such an offer was 'outrageous.'" *Id.* at 1226.[3] As a result, the court concluded under general principles of contract law that there was no meeting of the minds and no valid offer and acceptance constituting an enforceable contract. *Id.*

### i. Mistake

So too here, the Court finds a lack of mutual assent due to the mistaken transmission of an offer by one party—Tiffin—of which the opposing party—Plaintiffs—were aware. The evidence before the Court shows that Tiffin made an "either/or" settlement offer to Plaintiffs four days prior to the Offer of Judgment: Tiffin offered either $190,000.000; or, a payment of $20,000.00 and Plaintiffs could keep the Allegro. (*See* ECF No. 52-1.) The day before Tiffin made the Offer of Judgment, Plaintiffs countered, stating that they would accept either

---

[3] Even though the plaintiffs had requested $1 million in punitive damages, the court considered that the defendant who made the offer was one of six defendants, that the plaintiffs alleged a small amount of actual damages against that defendant, and that there had not been any prior settlement demands or negotiations prior to the offer being made. *Id.*

7

$240,000.00; or, a payment of $95,000.00 if they could retain possession of the Allegro. (ECF No. 52-2.) Tiffin came back with another offer of the same ilk. This time, Tiffin offered either $195,000.00; or, a payment of $25,000.00 and Plaintiffs could keep the Allegro. Hours after making that offer, Defendants' counsel served Plaintiffs' counsel with the Offer of Judgment for the lump sum of $195,000.00 but omitted the offer to accept a smaller payment and keep the Allegro.

Plaintiffs argue that this Court should not follow *Whitaker* because the mistake here is not "in three zeroes" as in *Whitaker*. The Court finds Plaintiffs' arguments here unpersuasive. Defendants' counsel's mistake is, much like the error in *Whitaker*, more a typographical error than a unilateral mistake about the facts, merits, or value of the case. *See, e.g., Whitaker*, 946 F.2d at 1225 (distinguishing the typographical error in that case from unilateral mistake present in *Brown v. Cty. of Genessee*, 872 F.2d 169 (6th Cir. 1989)). Nor is this a situation in which Tiffin simply changed its mind about the offer, which courts have found does not warrant setting aside a Rule 68 judgment. *See Mallory*, 922 F.2d at 1280; *Allinsmith v. Funke*, 421 F.2d 1350, 1351 (6th Cir. 1970); *see also Agema v. City of Allegan*, 826 F.3d 326, 334 (6th Cir. 2016) (discussing in dicta the difference between defendants knowing about an offer and changing their minds after making it and their not knowing or authorizing counsel to make said offer); *Coleman v. Wilson & Assocs., P.L.L.C.*, 320 F.R.D. 42, 45 (M.D. Tenn. 2017) (recognizing the proposition set out in *Mallory*). Here, Tiffin's position has been consistent.

There is no doubt that the mistake made by Defendants' counsel is serious, but the Court finds that it would be unconscionable—indeed shocking—to allow Plaintiffs to accept Tiffin's Offer and keep the Allegro. Given Plaintiffs' knowledge at the time Tiffin made its Offer, the Court is unpersuaded by Plaintiffs' argument that they reasonably believed that Tiffin was

8

offering to pay Plaintiffs $195,000.00 and allow them to keep the Allegro. To find Plaintiffs' interpretation persuasive, the Court would have to believe that on one day Plaintiffs gave Defendants a choice: either pay $95,000 and Plaintiffs get to keep the Vehicle or pay $240,000 to repurchase the Vehicle. And the very next day Tiffin responded with an Offer of Judgment that added $100,000 to Plaintiff's demand. Put another way, one would have to swallow that Tiffin increased its own settlement offer that included keeping the Allegro, which was made just hours before the Offer of Judgment, by $170,000.00. Such a response by Tiffin would indeed be "shocking," perhaps even unprecedented. This Court declines to "ignore justice in favor of pure terminology." *Whitaker*, 946 F.2d at 1225. It is obvious that Defendant's counsel made a typographical error when he failed to include the term "repurchase."

    **ii.**    **No Mutual Assent**

Plaintiffs argue in their Motion to Strike, inter alia, that the Court should afford little weight to the parties' settlement negotiations when analyzing the Offer of Judgment because of the posturing and strategy that go with settlement talks. This argument to disregard the settlement negotiations, and therefore what Plaintiffs' were aware of, is belied by Plaintiffs' counsel's own Declaration, which states: "I believed that Defendant, Tiffin Motor Homes, Inc. was using the Rule 68 Offer of Judgment as a settlement and negotiation tool to relieve themselves from a cumbersome litigation as is customary in the practice of law." (ECF No. 56-5 at PageID 281.)

The record here establishes, by clear and convincing evidence, that Tiffin did not intend to make an offer for $195,000.00 that did not include the return of the Allegro. This case is about the rescission and repurchase of the Allegro that Plaintiffs purchased for $196,800.00. While the typographical error in the Offer of Judgment here may not seem as consequential as

9

the offer in *Whitaker*, to construe Defendant's Offer of Judgment as Plaintiffs argue, makes it outrageous under the circumstances. The settlement correspondence[4] proves that Plaintiffs were or should have been aware that Tiffin's Offer was to repurchase the Allegro. In *Fisher v. Stolaruk Corp.*, the court allowed rescission of an already-accepted offer because to do otherwise would be "unconscionable." 110 F.R.D 74, 76 (E.D. Mich. 1986). The court drew from *Williston on Contracts* in stating that "[e]quity will provide affirmative relief by way of rescission where one party made a mistake as to the meaning of a contract and the mistake was known to the other party." *Id.* (internal citation omitted) (emphasis added). The court there stated that four technical requirements must be satisfied in order to rescind. *Id.* (citation omitted).

> First, the mistake must be of such consequence that enforcement would be unconscionable. Second, the mistake must be material. Third, the mistake must have occurred regardless of the exercise of ordinary care. Fourth, it must be possible to place the other party in a position of status quo ante.

*Id.* (citation omitted). The Court finds that each of these requirements are present here.

In sum, no reasonable person would have thought that Tiffin's offer, without the repurchase of the vehicle, was valid in light of Plaintiffs' Complaint and the parties' settlement correspondence. Since Plaintiffs knew that Tiffin intended the Offer of Judgment to include attorney's fees, but they accepted that Offer believing that they would not have to return the Allegro, the Court finds that there was no mutual assent and no agreement. *Cf. Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988) (finding no mutual assent where offer of judgment intended to include attorney's fees consistent with settlement negotiations but

---

[4] Not to mention that one of the main forms of relief that Plaintiffs seek in their Complaint is for rescission or repurchase of the Allegro.

10

purported acceptance was based upon offer excluding attorney's fees). Thus, the Court finds good cause to set aside the Judgment.

In response to the Motion to Set Aside, Plaintiffs argue a number of reasons why setting aside the Judgment "would cause substantial prejudice to the Plaintiffs." (ECF No. 56 at PageID 268.) The Court disagrees. Setting aside the Judgment would simply return Plaintiffs (and Tiffin) to the same position they were in before the Offer of Judgment and the same position the parties were in before Plaintiffs started the flurry of litigation about the meaning of the Offer of Judgment. This ruling allows Plaintiffs to resume their lawsuit against Defendants. Similarly, the court in *Whitaker* found it critical to its analysis that:

> [P]laintiffs suffered no prejudice from the district court's action in setting aside the $500,000 judgment. Plaintiffs were put in the same position they were in before the received the erroneous $500,000 offer of judgment, and they can still litigate the underlying claim on its merits. If the $500,000 judgment were enforced, it would result in not only a windfall but unjust enrichment.

*Whitaker*, 946 F.2d at 1225. While enforcing the Judgment would not result in as much of a windfall for Plaintiffs here as in *Whitaker*, it would be inequitable to allow Plaintiffs to capitalize on an inadvertent error of which they were aware. Thus, Tiffin's Motion to Set Aside the Judgment is GRANTED, and the Judgment entered in this case is VACATED.

## II. Plaintiffs' Motion to Strike Arguments

Plaintiffs argue that the extrinsic evidence of the settlement discussions and negotiations that Tiffin attached to the Motion to Set Aside is inadmissible and/or immaterial because it is barred by the parol evidence rule. (ECF No. 54 at PageID 245.) Plaintiffs also argue under Federal Rule of Civil Procedure 12(f) that the Court should not consider the attachments because the content of the settlement negotiations prejudices Plaintiffs by painting them in a bad light for "essentially commit[ing] fraud upon the Court." (ECF No. 54 at PageID 245.) Finally, Plaintiffs

11

assert that Rule of Evidence 408 prevents the use of settlement negotiations under these circumstances. The Court will address these arguments in order.

### A. The Parol Evidence Rule

Regarding the parol evidence rule, "[c]ourts may apply general contract principles to determine what was intended in an offer of judgment and whether there has been a valid offer and acceptance." *Whitaker*, 946 F.2d at 1226 (citing *Eyrich*, 922 F.2d at 1279; *Radecki*, 858 F.2d 397). Although the court in *Mallory* found that the circumstances were not present in that case, the Sixth Circuit stated that if contract principles apply to the formation of a Rule 68 agreement, it follows logically that traditional contract defenses "could be used to extricate a party from an otherwise binding agreement." *Mallory*, 922 F.2d at 1280.

It is well established in Tennessee that an enforceable contract must represent mutual assent to its terms, be supported by sufficient consideration, be free from fraud and undue influence, be sufficiently definite, and must not be contrary to public policy. *Staubach Retail Servs.-Se., LLC v. H.G. Hill Realty Co.*, 160 S.W.3d 521, 524 (Tenn. 2005) (citation and internal citations omitted).

Courts determine the mutuality of assent by applying an objective standard based upon the parties' manifestations. *Id.* (citation omitted). Courts must ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of contractual language, and they begin by determining whether the contract's language is ambiguous. *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889–90 (Tenn. 2002) (citations omitted). If there is ambiguity, a court applies established rules of construction to determine the parties' intent. *Id.* The parties' intent at the time of executing the agreement controls. *Id.* (citation omitted). A court may also look to the facts and circumstances surrounding the execution of the agreement as

12

well as the parties' admissions. *Wills & Wills, L.P. v. Gill*, 54 S.W.3d 283 (Tenn. Ct. App. 2001). Also, when a contractual provision is ambiguous, a court is permitted to look to extrinsic evidence to determine the parties' intent. *State ex rel. Landenberger v. Project Return, Inc.*, No. M200702859COAR3CV, 2009 WL 637122, at *7 (Tenn. Ct. App. Mar. 11, 2009) (citation omitted).

The Court considers these tenets of contract interpretation when examining the Offer of Judgment and Notice of Acceptance. However, the Court finds that determining whether to set aside a judgment on the basis of mistake, inadvertence, surprise or excusable neglect under the equitable principles of Rule 60(b)(1) is distinguishable from, for example, interpreting a contract on summary judgment. *Cf. Whitaker*, 946 F.2d at 1225 (considering whether or not the parties had engaged in settlement negotiations when determining whether there was mutual assent to offer of judgment); *Radecki*, 858 F.2d at 400 (examining parties' settlement negotiations to determine the terms of an offer). But even without the extrinsic evidence that Plaintiffs object to, the Court finds that the Offer of Judgment is defective on its face, and therefore ambiguous. The Court interprets the Offer of Judgment as an attempt to dispose of the entire case by offering the approximate purchase price of the Allegro when Plaintiffs bought it new, but it is silent as to the rescission or repurchase of the vehicle, the remedies Plaintiffs seek in each of their causes of action.

The general rule is that parol evidence is not admissible to contradict, alter, or vary the terms of a written instrument, except upon grounds of estoppel, fraud, accident or mistake. *Stamp v. Honest Abe Log Homes, Inc.*, 804 S.W.2d 455, 457 (Tenn. Ct. App. 1990) (citation omitted). That said, there is clearly an error with the Offer of Judgment, and Plaintiffs had reason to be aware of it. "Relief from the effect of a unilateral mistake is consistently allowed

13

where one party knows or has reason to know of the other's error and the requirements for rescission are fulfilled." *Cofrancesco Const. Co. v. Superior Components, Inc.*, 371 S.W.2d 821, 823 (Tenn. Ct. App. 1963) (string citation omitted); *Fisher*, 110 F.R.D. at 76; *see also Cincinnati Ins. Co. v. Avery*, 914 F.2d 255, 1990 WL 132245, at *5 (6th Cir. 1990) (unpublished) ("Relief is granted 'where the other party had reason to know of the mistake or his fault caused the mistake.'") (quoting Restatement (Second) of Contracts § 153(b)).  In the Rule 60(b) Motion, Tiffin raises the defenses of rescission, in addition to mistake, inadvertence, and excusable neglect.  For the reasons above, the Court may go beyond the Offer and Acceptance of Judgment to ascertain the parties' intent.

    **B.**        **Rule 12(f)**

Plaintiffs next attempt to strike the settlement negotiations is under Federal Rule of Civil Procedure 12(f).  Under that rule, the Court "may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  Rule 12(f) does not apply here because motions, exhibits to motions, and affidavits are not "pleadings."  *See Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (1966); *Rhea v. Dollar Tree Stores*, 395 F. Supp. 2d 696, 702 n.7 (W.D. Tenn. 2005) ("[E]xhibits attached to motions are not pleadings and are outside the scope of Rule 12(f).").  Nevertheless, the Court has the discretion to exclude from consideration any of the exhibits if it deemed them improper.  *See Bovee v. Coopers & Lynbrand*, 216 F.R.D. 596, 599 (S.D. Ohio 2003).

It appears to the Court that the real reason Plaintiffs wish to exclude their settlement negotiations is Defendant's argument that the negotiations "unequivocally cast Plaintiffs' alleged actions in a light that is prohibited by the Federal Rules of Civil Procedure – that is, that Plaintiffs are essentially committing fraud upon the court." (ECF No. 54 at PageID 250.)

Fraud on the court consists of conduct: (1) on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court. *Hardison v. State Farm Fire & Cas. Co.*, No. 3:07CV-P556-M, 2012 WL 13026980, at *2 (W.D. Ky. June 21, 2012) (quoting *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). The Court notes that no party has alleged Plaintiffs' counsel has committed a fraud on the Court. "Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Id.* (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). The Court does not find that there has been a fraud upon it. The most that has been alleged is Tiffin's accusing Plaintiffs and their counsel of gamesmanship. While the Court agrees with Tiffin, the Court recognizes that Plaintiffs' counsel is expected to zealously represent his clients and to reasonably obtain the best result for them.

C.     **Rule 408**

Finally, Plaintiffs' Motion to Strike under Federal Rule of Evidence 408 is similarly unavailing. Rule 408 provides that "conduct or a statement made during compromise negotiations" is not admissible "to prove or disprove the validity or amount of a disputed claim," Fed. R. Evid. 408. Settlement negotiations, however, can be admissible for other purposes, including proving the existence (or lack thereof) of an agreement. *Global Fleet Sales, LLC v. Delunas*, 203 F. Supp. 3d 789 (E.D. Mich. 2016) (citing *Glen Elec. Holdings GmbH v. Coolant Chillers, Inc.*, No. 1:10-cv-1109, 2013 WL 2407613, at *6 (W.D. Mich. May 31, 2016) (compiling cases and holding that evidence of settlement negotiations was admissible when

"offered to prove the existence and terms of the settlement agreement itself"). For these reasons and those stated above, the Court concludes that it is allowed to review and rely on the parties' settlement communications when considering whether to grant or deny Tiffin's Motion to Set Aside.

That said, relief from the Judgment is appropriate given the excusable neglect regarding the mistaken Offer of Judgment and Plaintiffs' knowledge of the mistake when they purportedly accepted. "[A]n offeree will not be permitted to snap up an offer that is too good to be true" when a material mistake should have been apparent, but the offeree still refuses to let the mistake be corrected. *Fisher*, 110 F.R.D. at 76 (quoting 13 *Williston on Contracts* § 1573, at 486–87 (3d ed. 1970). The Court holds that the same circumstances are present here.

## **CONCLUSION**

For these reasons, the Court GRANTS Motion to Set Aside Judgment (ECF No. 51), VACATES the Judgment against Tiffin entered in favor of Plaintiffs. The Court DENIES Plaintiffs Thomas Zaniewski and Linda Sanders' ("Plaintiffs") Motion to Strike or Otherwise Disregard Evidence of Compromise Offers and Settlement Negotiations, (ECF No. 53).

**SO ORDERED**, this 29th day of August, 2018.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE