# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

**THOMAS ZANIEWSKI and
LINDA SANDERS,**

                **Plaintiffs,**

**v.**                                      **Case 2:17-cv-02314-TLP-cgc**

**R.V. WORLD COMPANY, INC., d/b/a
DAVIS MOTORHOME MART, and
TIFFIN MOTOR HOMES, INC.,**

                **Defendants.**

---

## REPORT AND RECOMMENDATION ON
## DEFENDANT DAVIS MOTORHOME MART'S
## MOTION FOR SUMMARY JUDGMENT
## AND
## DEFENDANT TIFFIN MOTOR HOMES'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Before the Court are Defendant R.V. World Company Inc., d/b/a Davis Motorhome Mart's ("Davis") Motion for Summary Judgment (Docket Entry ("D.E." # 69, #70) and Defendant Tiffin Motor Homes, Inc.'s ("Tiffin") Motion for Partial Summary Judgment (D.E. #71, #72).[1] The instant motions were referred for Report and Recommendation. (D.E. #80). For the reasons set forth herein, it is RECOMMENDED that Davis's Motion be GRANTED and Tiffin's Motion be GRANTED.

---

[1]  Although Tiffin styles its motion as one for summary judgment, it does not argue that Claim Four against it fails as a matter of law. Accordingly, the Court will refer to Tiffin's motion as one for partial summary judgment.

## I.    Introduction

On March 23, 2017, Plaintiffs Thomas Zaniewski ("Zaniewski") and Linda Sanders ("Sanders") filed a Complaint for Rescission, Repurchase and Damages ("Complaint") in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. (D.E. #1-2).  Defendants filed a Notice of Removal to this Court on May 8, 2017.  (D.E. #1).

Davis and Tiffin are both engaged in the business of selling and/or servicing new motor vehicles in the Western District of Tennessee.  (Compl. ¶ 5).  On or about October 20, 2016, Plaintiffs agreed to purchase a new 2016 Tiffin Allegro recreational vehicle (the "Vehicle") from Davis and Tiffin for the price of $196,800 plus tax.  (*Id*. ¶ 5).  Plaintiff alleges that "Tiffin contracted to sell the vehicle . . . at a local facility in Memphis, Tennessee." (*Id*. at 19).  The local facility was Davis's place of business.  (*Id*.)

Plaintiffs allege that Tiffin "agreed to warrant the Vehicle to be free from malfunctions and provide any warranty or service work on said Vehicle (other than the chassis), if necessary." (*Id*. ¶ 8).  Plaintiffs allege that they purchased the Vehicle "in reliance upon the representations as to the condition, reliability, and fitness for its particular purposes" as well as based upon "the existence of an oral and/or written warranty from Tiffin which had a lengthy term of protection." (*Id*. ¶ 9).  Plaintiffs allege that they believed that "Tiffin or their authorized and/or franchised dealers would honor said warranty in a timely and proper manner." (*Id*.)

Plaintiffs allege that, "[s]hortly after purchasing the Vehicle," they discovered that it did not conform to Tiffin's representations, as it "developed continuing malfunctions, defects and problems," including as to the left front driver slide, the right front passenger slide, the bathroom along with its walls and doors, and the outside wall of the Vehicle.  (*Id*. ¶ 10).  Plaintiffs allege

that they made "repeated and continuous efforts" to have Tiffin repair and/or correct these issues; however, Plaintiff alleges that the Vehicle "has been at the Tiffin facility for 171 days since the Plaintiffs purchased it." (*Id.* ¶ 11). Plaintiffs also allege that "almost half of the miles on the Vehicle have been from repeated trips back and forth to Tiffin." (*Id.*) Plaintiff further allege that, on the last occasion that Tiffin attempted to make repairs, "a representative and/or agent of Tiffin was involved in some type of accident and/or caused damage to the Vehicle . . . ." (*Id.* ¶ 12).

As a result of these allegations, Plaintiff asserts four causes of action against Tiffin and one cause of action against Davis. Claim One asserts that Tiffin violated the Magnuson-Moss Warranty Act ("Warranty Act"), 15 U.S.C. § 2301, *et seq.*, by failing to comply with its warranty obligations. (*Id.* ¶¶ 13-16). Claim Two asserts that Tiffin committed "breach of contract/warranty" by concealing the condition of the Vehicle and failing to repair it. (*Id.* ¶¶ 17-20). Claim Three asserts that Tiffin violated the Tennessee Consumer Protection Act ("TCPA"), Tennessee Code Annotated Section 47-18-101, *et seq.* (*Id.* ¶¶ 21-25). Claim Four seeks bailment and alleges "other reckless and/or negligent actions and/or omissions against Tiffin." (*Id.* ¶¶ 26-30). Claim Five asserts that Davis "is a necessary party to this action" because it completed the transaction and accepted payment, thereby "ratif[ying] Tiffin's conduct" and "assum[ing] the burdens and liabilities" of Tiffin's conduct. (*Id.* ¶¶ 31-33).

## II.    Proposed Findings of Fact[2]

### A.  *Davis*

Plaintiffs purchased and took delivery of the Vehicle on October 20, 2015 at Davis' place

of business in Memphis, Tennessee.  (Pl.'s Compl., Exh. 1 at PageID 19 ("Vehicle Buyers

Order") & Exh. 2 at PageID 20 ("Bill of Sale")).

---

[2]    Davis and Tiffin have each filed their own proposed findings of fact; thus, there are distinct factual disputes between Plaintiffs and Davis and Plaintiffs and Tiffin.

Although the distinct factual disputes are easily manageable for purposes of this motion, the parties' briefings on the disputes of material fact have created other issues of unnecessary confusion.  Specifically, Davis filed a Statement of Undisputed Material Fact ("SUMF") (*See* D.E. #70-4), but all but two of Davis' proposed findings of fact cite to Plaintiffs' Complaint rather than to evidence contained in the record.  Davis appears to have cited Plaintiffs' Complaint in this manner, as will be discussed, *infra*, because it attempts to challenge the adequacy of the pleadings in this Rule 56 motion.  However, such a challenge should have been made pursuant to Rule 12, not by attempting to cite the Complaint as evidence on a motion pursuant to Rule 56.

Further complicating matters, Plaintiffs did not respond to Davis' SUMF in the manner required by Local Rule 56.1 but instead responded in the body of their Response with no references to Plaintiffs' numbered paragraphs.  (*See* D.E. #75 at 2-3).  Plaintiffs also improperly cite to their Complaint as evidence to refute Davis' Motion for Summary Judgment, including filing it as an exhibit to their Response (*see* D.E. #75-1).  Plaintiffs also intersperse their own statements of fact in the body of their response, to which Davis did not reply as permitted by Local Rule 56.1; however, Davis' lack of reply is likely due, at least in part, to the fact that Plaintiffs' additional facts were not formatted in accordance with Local Rule 56.1, which provides specific guidelines to organize these disputes between the parties and to prevent confusion such as that which has resulted here.  Thus, although the Court is able to discern whether Plaintiffs are disputing Davis' two proposed undisputed facts (the only ones that are supported by evidence of record), the Court is unable to discern Davis' position on any of Plaintiffs' additional facts due to Plaintiffs' failures to comply with Local Rule 56.1.

The confusion, unfortunately, does not end with the factual disputes between Plaintiffs and Davis.  While Tiffin's SUMF complies with Local Rule 56.1, Plaintiffs respond to Tiffin's separate, numbered paragraphs but then add additional facts within the responses to Tiffin's facts.  According to Local Rule 56.1, the additional material facts should have been placed in separate, numbered paragraphs to which Tiffin would be able to easily respond.  Tiffin did not respond to these additional facts, likely because of the incorrect formatting that failed to facilitate such response.

### B.   Tiffin

Plaintiffs purchased the Vehicle on October 20, 2015.  (Bill of Sale at PageID 20).  The odometer reflected that the mileage on the Vehicle on the date of delivery was 196 miles.  (Pl.'s Compl. at Exh. 1 at PageID 29).  The Vehicle was sold with a warranty ("Warranty"), which states as follows:  "[Tiffin] promises to repair and replace, as necessary, at its option, any defects in materials or workmanship, to the covered portion of the motorhome which are defective at the time of purchase or become defective during normal use during the Warranty Period, at no charge to purchaser."  (Tiffin's Mot. for Summ. J., Exh. C ("Warranty") at PageID 549).  The applicable Warranty Period began on the date of delivery and continued for one year from that date or until Plaintiffs drove the Vehicle 12,000 miles.  (*Id*.)  The Warranty does not cover, *inter alia*, "[d]eterioration of sheet metal, paint, sealants, or other items which result from use and exposure to the environment."  (Warranty at 4).  The Warranty also does not cover "slide-outs, entry doors, storage bay doors, cabinet doors, shelving, interior doors, etc." because these "will require adjustment from time to time" and are "part of ordinary maintenance."  (Warranty at 5).

On or about March 10, 2017, the Vehicle's odometer read 15,312 miles.  (Tiffin's Mot. for Summ. J. at Exh. B at 94:11-17 ("Zaniewski Deposition")).  Plaintiffs calculate that almost half of the mileage on the Vehicle is due to repeated trips back and forth from the facility for repairs.  (Pl.s' Aff. at ¶ 12).    However, Plaintiffs admit that they drove their Vehicle approximately 7,500 miles between March 10, 2017 and March 26, 2018.  (Zaniewski Dep. at 94:10-97:4).    No repairs or maintenance work was performed on the Vehicle in 2017.  (Zaniewski Dep. at 97:21-98:2).    Tiffin further claims that Plaintiffs have never had any "drivability" issues with the Vehicle, as Plaintiff Zaniewski admits that the "freight liner chassis

part is good" (Zaniewski Dep. at 159:6-10); however, Plaintiffs state that, while they have not had issues with road or engine performance, the defects made driving the Vehicle noisy and uncomfortable, thus substantially impairing the use and employment of it. (Pls.' Aff. ¶ 15).

### III.    Proposed Conclusions of Law

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the

6

nonmoving party's evidence to show why it does not support a judgment for the nonmoving party.  10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### A.  Davis's Motion for Summary Judgment

#### 1.  Claims 1-4

Davis' Motion for Summary Judgment raises two issues.  First, Davis argues that Claims 1-4 of Plaintiffs' Complaint contain no allegations against it.  Although Davis has raised these issues in a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, it in fact is challenging the adequacy of the pleadings.  Specifically, Davis' argument cites only to the allegations made in the Complaint, which all pertain to actions or omissions by Tiffin.  Such a challenge should have been made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and it is RECOMMENDED that it be construed as such.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Here, Claims 1-4 contain no mention of Davis.  (*See* Complaint ¶¶ 13-30).  Each of these four

claims list violations "by Tiffin" and claims "against Tiffin." (*See id.* ¶¶ 13, 15, 17, 19, 21, 23, 24, 26, 28, 29). However, Plaintiffs argue that Claims 1-4 do assert claims against Davis because each claim states that the "allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein." (*See id.* ¶¶ 14, 18, 22, 27). Plaintiffs state that Claim 5 explains that Davis "complete[d] the transaction on behalf of Tiffin" and that Davis has "ratified Tiffin's conduct" by the "acceptance of payments from the Plaintiff[s] and retaining the benefits thereof." (Compl. ¶ 31).

Here, despite attempting to incorporate the "other paragraphs and claims" into one another, Plaintiff has categorized his Complaint as having five specific claims. Four of them contain no allegations as to Davis. The fifth contains its own allegations and will be considered separately. But simply incorporating other portions of the Complaint does not create claims where none are alleged. To conclude otherwise would render the Complaint entirely without structure, which is inconsistent with the need to set forth specific claims against specific defendants. Accordingly, it is RECOMMENDED that Claims 1-4 of Plaintiff's Complaint fail to state claims upon which relief may be granted against Davis.

### 2. *Claim 5*

Next, Davis argues that it is not a necessary party to the case as alleged in Claim 5. As an initial matter, Claim 5 does not state an independent claim for relief but only states that Davis is a necessary party to the resolution of the remaining claims because it "complete[d] the transaction on behalf of Tiffin" and/or accepted "payments from the Plaintiff and retained benefits thereof."

Davis claims that it is not a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure, which sets forth when parties are required to be joined as follows:

**(a) Persons Required to be Joined if Feasible**

**(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

**(A)** In that person's absence, the court cannot accord complete relief among existing parties; or

**(B)** That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

**(i)** as a practical matter impair or impede the person's ability to protect the interest; or

**(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Plaintiffs respond that Davis is a "permissible, proper, and necessary party" pursuant to Rule 20 of the Federal Rules of Civil Procedure. Plaintiffs argue that Rule 20 applies even though the Complaint designates Davis as a "necessary party." (Compl. ¶¶ 32-33). Rule 20(a)(2) sets forth that defendants may be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "(B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiffs argue that they assert a "right to relief against both Tiffin and Davis for damages that arose out of the same transaction, occurrence, and series of occurrences" and the "questions of law and fact are common to both Defendants in this action."

Plaintiff cites no basis in law that Davis is a necessary or permissible party in the instant case. The parties' undisputed material facts only state that Plaintiffs' purchased and took possession of the Vehicle at Davis's place of business. How or why the transaction occurred in this manner is unknown based upon the evidence cited by the parties. In any event, as no other claim is alleged against Davis, and as Plaintiff cites no reason that Davis must be a party to this action for them to obtain relief from Tiffin, it is RECOMMENDED that the allegations against Davis in Claim 5 fail as a matter of law.

### B. Tiffin's Motion for Summary Judgment

#### 1. Claims 1-2

Tiffin asserts that Claims One and Two, which allege a violation of the Warranty Act and breach of warranty / contract, must fail as a matter of law because the Vehicle confirmed to the warranty and because the Vehicle's "slide-outs" are not covered under the warranty. Tiffin further asserts that Plaintiffs cannot pursue both a state and federal claim for breach of warranty.

Under Tennessee law, the essential elements for any breach of contract claim include as follows: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and, (3) damages caused by the breach of contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.* 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005) (citation omitted). "[I]n providing a federal right of action for breach of warranty, the [Warranty Act] does not create an additional federal warranty, and only affords a right of action arising from state warranty law." *Kuns*, 926 F. Supp. at 983-84 (citing *Temple v. Fleetwood Enterprises, Inc.*, 133 Fed. Appx. 254, 268 (6th Cir. 2005)). In order to state a claim under the Warranty Act, plaintiffs must demonstrate as follows: (1) that the item at issue was subject to a warranty; (2) that the item did not conform to

the warranty; (3) that the seller was given a reasonable opportunity to cure any defects; and, (4) that the seller failed to cure the defects within a reasonable time or a reasonable number of attempts. *Id.*

Here, it is undisputed that the Warranty expired on October 20, 2016 at the latest. Yet Plaintiffs have cited no evidence as to what occurred between the purchase date and the conclusion of the Warranty. Specifically, Plaintiffs have not shown any specific request made upon Tiffin for repairs, any action or omission by Tiffin in addressing such a request, or what transpired on any visit to Tiffin. Plaintiffs have only cited to evidence that the mileage increased from 196 miles on the date of purchase to 15,312 miles on March 10, 2017. Even then, while there is evidence that the Vehicle has certainly been driven a fair amount, there is no indication how many miles were put on it during the Warranty Period. Although Plaintiffs calculate that half of this mileage is due to repair trips, which hints at a significant number of visits to Tiffin, there is absolutely no evidence of what was being done at any of these visits, including if repairs were being done to non-warranty issues, or when these visits were made. Accordingly, it is RECOMMENDED that there is no genuine dispute of material fact on Plaintiffs' claims for breach of contract / warranty and violations of the Warranty Act and that Plaintiff's claims fail as a matter of law because the undisputed facts do not satisfy the elements of a claim under either Tennessee law for breach of contract / warranty or the Warranty Act.[3]

---

[3] Furthermore, even if there were any evidence creating a genuine issue of material fact as to the adequacy of the repairs under Warranty, Plaintiffs Complaint alleges that certain of the issues pertain to the "left front slide" and the "right passenger slide." (Compl. ¶ 10). The Warranty clearly states that the slide-outs are not covered. Thus, it is additionally RECOMMENDED that any such claims relating to the slide-outs must fail as a matter of law for this additional reason.

### 2. *Claim 3*

Next, Tiffin asserts that Plaintiffs' TCPA claim must fail as a matter of law because they have presented no evidence that Tiffin engaged in an unfair or deceptive act or practice. Under the TCPA, certain enumerated "unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part." Tenn. Code Ann. § 47-18-104(b). Fifty-two specific "unfair or deceptive acts or practices" are listed therein. *Id*. § 47-18-104(b)(1)-(52). As already set forth, Plaintiffs have cited to no evidence of any act or practice by Tiffin during the Warranty period, much less to an unfair or deceptive one. Thus, there is no genuine issue of material fact on Plaintiffs' TCPA claim. As such, it must be RECOMMENDED that Plaintiffs' TCPA claim fails as a matter of law.

### 3. *Claim 4*

Finally, although Plaintiffs raise a fourth claim in their Complaint, Tiffin raises no argument in its Motion for Summary Judgment relating to this claim. Accordingly, the allegations raised in Claim 4 remain against Tiffin.

### IV. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Davis's Motion for Summary Judgment be GRANTED and that Tiffin's Motion for Partial Summary Judgment be GRANTED. It is RECOMMENDED that the sole claim remaining in the instant case is Claim 4 as to Tiffin.

**DATED** this 21st day of December, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**