# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS ZANIEWSKI and LINDA SANDERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 2:17-cv-02314-TLP-cgc |
| v. | ) ) | |
| R.V. WORLD COMPANY, INC., d/b/a DAVIS MOTORHOME MART, AND TIFFIN MOTOR HOMES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER ADOPTING IN PART AND OVERRULING IN PART REPORT AND RECOMMENDATION ADDRESSING DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

Thomas Zaniewski and Linda Sanders ("Plaintiffs") sued Tiffin Motor Homes, Inc. ("Tiffin") and Davis Motorhome Mart ("Mart") over the sale of a 2016 Tiffin Allegro ("Vehicle"). Plaintiffs claim breach of contract, breach of state and federal warranty, violations of the Tennessee Consumer Protection Act and breach of duty of care related to bailment. Defendants each move for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, claiming there are no genuine issues of material fact. (ECF Nos. 69, 71.) The Court referred this case to the Magistrate Court for management of all pretrial matters under Local Administrative Order 2013-05. The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Motions for summary judgment be granted for all claims, except for the claim related to the alleged bailment with Tiffin. (ECF No. 83.) The R&R is now ripe because Plaintiff timely objected to the R&R. (*See* ECF No. 85.) For the reasons

below, the Court ADOPTS IN PART the R&R. As a result, Defendants' Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

## LEGAL STANDARD

These standards apply to this case.

I. **Review of the R&R**

When reviewing a Report and Recommendation from the Magistrate Court,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3). After conducting a de novo review, a district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986). Nor does the Court have to review the portions of the R&R that the parties did not properly object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). That said, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 93, 936 (6th Cir. 1998)).

II. **The Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see also Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012).  "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense."  *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted).  "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "When the nonmoving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper."  *Chapman*, 670 F.3d at 680 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *accord Kalich v. AT & T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact."  *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323).  "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact."  *Id.* at 448–49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

To show that a fact is, or is not, genuinely disputed, both parties need to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *Bruederle*, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); *see also Mosholder*, 679 F.3d at 448 ("To support its motion, the moving

party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex Corp.*, 477 U.S. at 325)).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); *see also Emerson v. Novartis Pharm. Corp.*, 446 Fed. App'x 733, 736 (6th Cir. 2011) ("'[J]udges are not like pigs, hunting for truffles' that might be buried in the record."); *Chi. Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'").

"In considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725, 730 (6th Cir. 2012) (citing *Matsushita*, 475 U.S. at 587). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson*, 477 U.S. at 251–52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

## **FINDINGS OF FACT**

The Court will first address the Magistrate Judge's proposed factual findings here. Plaintiffs assert that the Magistrate Court overlooked evidence in the record that Plaintiffs met with Tiffin representatives during the Warranty Period to discuss repairs. (ECF No. 85 at PageID 879.) Plaintiffs allege also that Tiffin representatives engaged in "unfair or deceptive" acts such as stating that any repairs would make the Vehicle "better than new." (*Id.* at 881.)

4

Plaintiffs properly briefed this issue in their opposition to this motion and Tiffin offered no dispute. (ECF No. 79.) The Court will address these allegations in its analysis of this R&R.

Other than that, though, the Court fully adopts the Magistrate Judge's proposed findings of fact. (*See* ECF No. 25 at PageID 58–60.)

## ANALYSIS

### I.  Tiffin

### A.  Plaintiffs' Breach of Contract and Warranty Claims

Plaintiffs allege that Tiffin violated the Magnuson-Moss Warranty Act and breached the parties' contract/warranty because the Vehicle did not conform to the warranty and because Tiffin failed to inform Plaintiffs that the Vehicle was unfit for ordinary use. (ECF No. 1 at PageID 22–23.)

"The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26. (Tenn. Ct. App. 2005) (citations omitted). "[I]n providing a federal right of action for breach of warranty, the [Warranty Act] does not create an additional federal warranty, and only affords a right of action arising from state warranty law." *Kuns*, 926 F. Supp. at 983–84 (citing *Temple v. Fleetwood Enterprises, Inc*., 133 Fed. App'x. 254, 268 (6th Cir. 2005)). "[A] plaintiff must demonstrate that (i) the item at issue was subject to a warranty; (ii) the item did not conform to the warranty; (iii) the seller was given reasonable opportunity to cure any defects; and (iv) the seller failed to cure the defects within a reasonable time or a reasonable number of attempts." *Kuns v. Ford Motor Co.*, 543 Fed. App'x 572, 576 (6th Cir. 2013) (quoting *Temple v. Fleetwood Enterprises, Inc*., 133 Fed. App'x. 254, 268 (6th Cir. 2005)).

5

Tiffin argues that its motion should be granted on both claims because Plaintiffs could enjoy full use of the vehicle during and after the Warranty Period. (ECF No. 72 at PageID 464.) Indeed, the relevant Warranty Period ran from October 20, 2015, until October 20, 2016, at the latest. (ECF No. 1 at PageID 20; ECF No. 72-3.) Tiffin contends that since purchasing the Vehicle, Plaintiffs have travelled to at least eight destinations. (ECF No. 72 at PageID 464.) Indeed, Plaintiff Zaniewski testified that, in 2018, Plaintiffs spent nearly three months in Fort Myers, Florida. (ECF No. 72-2 at PageID 496.) During that time, Plaintiffs also took trips throughout Texas, Alabama, Indiana, and visited Yellowstone Park, the Hoover Dam, and the Grand Canyon. (ECF No. 72-2 at PageID 496–99.) Tiffin continues to allege that in 2017, Plaintiffs did not conduct any maintenance or repairs on the Vehicle. (*Id*. at PageID 511.) What is more, the Warranty expressly disclaims any liability on the Vehicle's slide-outs. (*Id*.; ECF No. 72-3.)

The Magistrate Court recommends that this Court dismiss these claims determining that "Plaintiffs have cited no evidence as to what occurred between the purchase date and the conclusion of the Warranty." (ECF No. 83 at PageID 873.) More specifically, the Magistrate Court determined there was no evidence that any repairs covered by the Warranty were conducted during the Warranty Period. (*Id*.) But this Court finds that Plaintiffs' discovery responses and deposition testimony included with their Responses to these motions show at least an issue of fact over the performance of the Vehicle during the Warranty Period and attempts to repair it during that time. (*See* ECF Nos. 79-5, 79-6.)

For example, Plaintiff Zaniewski testified during his deposition that Tiffin made numerous attempts to repair the Vehicle. (ECF No. 79-5 at PageID 759–60.) Indeed, Zaniewski testified that he took the Vehicle to Tiffin for repair on December 3, 2015, May 10,

6

2016, and June 8, 2016. (ECF No. 79-5 at PageID 759.) As to the December 3, 2015, visit, Zaniewski testified that he submitted 13 items for repair, including a loose backsplash, buffed galley, bathroom wall, and bathroom door. (*Id*. at PageID 759–62.) Zaniewski also made a later warranty request for the bathroom door on June 8, 2016. (*Id*. at 761.) Indeed, Plaintiffs state in their Response to Defendant's Interrogatories that they contacted "Tiffin representative Ken Neal regarding purchase, defects, damage and/or repairs related" to the Vehicle six times during the Warranty Period. (ECF No. 79-6 at PageID 824–825.)

Because of this evidence, the Court finds there is a fact issue whether the Vehicle conformed to the Warranty as well as whether Tiffin breached its duty to conduct all necessary repairs during the Warranty Period.

Defendant's Motion for Summary Judgment is DENIED as to this claim.

**B.    Plaintiffs' Claims Under the Tennessee Consumer Protection Act**

Plaintiffs allege Tiffin violated the Tennessee Consumer Protection Act ("TCPA") because one of Tiffin's employees represented to them that any repairs to the Vehicle would make it "better than new."[12]

The purpose of the TCPA is to protect consumers from "unfair or deceptive acts or practices affecting the conduct of any trade or commerce . . . declared to be unlawful and in violation of this part." Tenn. Code Ann. § 47-18-104(b). To recover under the TCPA, a

---

[1] Although the Magistrate Court incorrectly stated that "Plaintiffs have cited no evidence of any act or practice," (ECF No. 83 at PageID 874) this Court still agrees with the Magistrate Court's conclusion that this claim fails as a matter of law. (*Id.*)

[2] Plaintiffs also allege that Tiffin misrepresented "the quality of their workmanship . . . that the slide-outs were working fine . . . [they] concealed and/or failed to inform the Plaintiffs that the Allegro could not be used in a normal and customary manner . . . that the vehicle was not fit for ordinary use," and that they failed properly to diagnose, repair, and "properly honor the warranty." (ECF No. 79 at PageID 693.) But plaintiffs cite no evidence to support this claim.

plaintiff must prove "(1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity or thing of value wherever situated . . . .'" *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (quoting Tenn. Code Ann. § 47-18-109(a)(1)).

That said, one should not confuse a deceptive act with "puffing," a "general statement[] of opinion that could apply to most any product or service." *Am.'s Collectibles Network, Inc. v. Sterling Commerce (Am.), Inc.*, No. 3:09-CV-143, 2016 WL 9132294, at *14 (E.D. Tenn. Sept. 7, 2016). *See also Wendy's of Bowling Green, Inc. v. Marsh USA, Inc.*, No. 3-10-1043, 2012 WL 370486, at *5 (M.D. Tenn. Feb. 3, 2012) ("'Puffing' refers to loose general statements made by sellers in commending their products or services.").

In particular, about puffing, the Tennessee Court of Appeals observed "[t]hese statements embody exaggerations, the truth or falsity of which cannot be determined easily, that amount to no more than an expression of the seller's opinion about the character or quality of the product." *Ladd by Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 100 (Tenn. Ct. App. 1996). Tennessee law does not consider such statements misrepresentations. *Ware v. C.R. Bard, Inc.*, No. 1:07-CV-172, 2007 WL 2463286, at *3 (E.D. Tenn. Aug. 28, 2007) (quoting *Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 97 (Tenn. Ct. App. 1996)). The Court recognizes that "the question of whether a particular statement amounts to an actionable misrepresentation will generally be left to the jury whenever the circumstances indicate that the buyer reasonably understood that he or she was receiving something in the way of an assurance as to specific facts." (*Id.*) But there is no issue for the jury to decide here.

The allegedly misleading comment that the work would make the vehicle "better than new" would not lead a reasonable person to expect to receive anything "in the way of an assurance as to specific facts." The statement is an opinion about the character or quality of the workmanship. *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 498 (5th Cir. 2000) (the slogan "Better Ingredients. Better Pizza.," was "puffery" under the Lanham Act); *Harrison v. Avalon Properties, LLC*, 246 S.W.3d 587, 601 (Tenn. Ct. App. 2007) (The "statement that [defendant] would be 'a much better builder' . . . is nothing more than a statement of opinion . . . ."); *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 925 (3d Cir. 1990) (The statement "[b]etter than," constitutes "the most innocuous kind of 'puffing,' common to advertising and presenting no danger of misleading the consuming public.").

Because Tiffin's alleged representation that it would make the Vehicle "better than new," is an opinion about the quality and character of its work, it is not actionable misrepresentation. The statement "better than new" is a rhetorical, routine statement "of opinion that could apply to most any product or service." *Am.'s Collectibles Network*, 2016 WL 9132294 at *14.

Defendant's Motion for Summary Motion is therefore GRANTED as to this claim.

**C.    Plaintiffs' Bailment Claim**

Tiffin does not challenge Plaintiff's bailment claim in its Motion for Summary Judgment. The Court therefore agrees with the Magistrate Court that this claim should remain undisturbed as against Tiffin. (ECF No. 83 at PageID 874.) If Tiffin seeks adjudication on this issue, the Court DENIES the Motion as to this claim. (*Id*. at 863.)

**II.    Davis Motorhome Mart**

**A.    Plaintiffs' Breach of Contract, Warranty, TCPA, and Bailment Claims**

9

In an apparent attempt to allege causes of action against Mart, Plaintiffs re-allege all claims "as if fully rewritten herein." (ECF No. 1 at PageID 26.) But none of those claims allege any conduct by Mart, only Tiffin. (*Id.* at 22–23).

For that reason, the Magistrate Court chose to construe Mart's instant motion as a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] (ECF No. 83 at PageID 869.) A party may win on summary adjudication by showing "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Bruederle*, 687 F.3d at 776 (citations omitted). This Court declines to adopt the Magistrate Court's exact reasoning and will analyze this under the summary judgment standard.

Even so, this Court reaches the same conclusion. Plaintiffs have simply not explained how Tiffin's conduct relates to Mart. Rather, Plaintiffs state only that "Mart has ratified Tiffin's conduct, and therefore, assumed the burdens and liabilities of . . . Defendant's conduct." (ECF No. 85 PageID 878.) But Plaintiffs provide no supporting evidence that Mart did, in fact, agree to ratify or assume any of Tiffin's conduct. And these allegations by themselves, without

---

[3] Had Defendant filed a timely Motion to Dismiss under Rule 12(b)(6), this Court would have dismissed these claims because the Complaint alleges no specific wrongdoing by Mart. "To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains." *Quinn v. People*, No. 4:12CV-120-M, 2013 WL 1411230, at *5 (W.D. Ky. Apr. 8, 2013)(citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976)); *Reed v. Tennessee*, No. 06-2756-SHM-TMP, 2008 WL 11414587, at *3 (W.D. Tenn. Oct. 31, 2008) ("[T]he complaint does not specify the defendants sued on each claim . . . Plaintiff's allegations about these statutes are, therefore, insufficient to give each defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

evidentiary support, cannot avoid summary judgment. The Court therefore concludes that there is no genuine issue of material of fact about Mart.

Defendant's Motion for Summary Motion is GRANTED as to these claims.

**B.      Discussion as to What Magistrate Court Styles "Claim 5"**

Plaintiffs seek rescission or repurchase of the Vehicle, a remedy which they claim only Mart can provide. (ECF No. 1 at PageID 26.) Because of this, they assert that Mart is a necessary party to this action because Mart sold Plaintiffs the Vehicle. (*Id.*) This Court finds that Plaintiffs were simply asserting a basis to join Mart as a party to this lawsuit rather than asserting a separate cause of action. Even so, Mart is not a necessary party under Rule 19 of the Federal Rules of Civil Procedure because Tiffin can sufficiently provide any relief, if necessary, to make Plaintiffs whole. (ECF No. 83 at PageID 872.)

To be clear, Plaintiffs permissively joined Mart in this lawsuit under Rule 20 of the Federal Rules of Civil Procedure because there were "question[s] of law or fact common to all defendants . . . in this action." Fed. R. Civ. P. 20(a)(2). But Plaintiffs have failed to support the allegations common to both defendants—that "Mart has ratified Tiffin's conduct, and therefore, assumed the burdens and liabilities of . . . Defendant's conduct."—with evidence sufficient to withstand summary judgment. (ECF No. 85 PageID 878.) In short, Plaintiffs properly joined Mart as a party to this lawsuit, Mart properly moved for summary judgment, and this Court finds that summary judgment is, in fact, appropriate. As a result, this Court dismisses all claims against Mart.

## CONCLUSION

For these reasons, the Court ADOPTS the Report and Recommendation IN PART, but MODIFIES the Reasoning. Defendants' Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

**SO ORDERED**, this 27th day of February, 2019.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE